IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OSCAR GARNER,

                    Plaintiff,

   v.

PAUL SUMNICHT, BELINDA SCHRUBBE,
CYNTHIA THORPE and MARY GORSKE,

                    Defendants.

ORDER

11-cv-829-slc

---

     Plaintiff Oscar Garner is proceeding in this case on his claims that defendants violated his Eighth Amendment and state medical negligence law by failing to provide him with adequate medical treatment and a special diet for lactose intolerance and irritable bowel syndrome. Before the court is Garner's motion for a preliminary injunction in which he seeks an injunction during the pendency of this case requiring defendants to provide him with a non-dairy food tray or snack bag containing sufficient calories to meet the required recommended nutritional intake.

Defendants have submitted a perfunctory response in which they only generally assert that Garner failed to support his proposed findings of fact with citations to admissible evidence, failed to show that he will suffer irreparable harm in the absence of an injunction and failed to provide expert testimony to rebut the affidavit of defendant Dr. Paul Sumnicht.

     In support of his proposed facts, Garner cites his complaint, which contains the following signature block:

                    Respectfully Submitted

         I declare under the penalty of Perjury that all statements made herein are true and correct to the best of my personal knowledge.

          _____
          Oscar Garner, affiant.

          Dated this ___ Day of _____ 2011.

              _____
              Plaintiff, Pro-Se.
              Waupun Correctional Inst.
              P.O. Box 351
              Waupun, Wisc. 53963-0351.

Defendants claim that Garner did not sign the complaint under oath or penalty of perjury because he signed only the second signature line identifying him as a pro se plaintiff and not the line indicating that he is an affiant. They also criticize Garner for using the words "to the best of" to qualify his personal knowledge. I do not find defendants' arguments persuasive and conclude that Garner's signature on the second line in the signature block suffices to verify the complaint.

A review of the materials submitted by the parties shows that the court does not have sufficient information to make a ruling at this time. Garner has averred that he is lactose intolerant and has irritable bowel syndrome. He alleges that because defendants have refused to place him on a lactose-free diet or treat him with lactose pills, he has suffered severe abdominal pain, diarrhea, vitamin D deficiency and weight loss over a three-year period. However, Garner fails to detail how much weight he has lost and why continuing the diet he has maintained for the past few years will cause him irreparable harm. *See Pelfresne v. Village of Williams Bay*, 865 F.2d 877, 883 (7th Cir. 1989) (setting forth four-part standard for preliminary injunctive relief, including plaintiff's reasonable likelihood of success on merits, whether plaintiff will suffer irreparable harm if injunction does not issue, whether threatened injury to plaintiff outweighs threatened harm of injunction on defendants and whether preliminary injunction serves public interest).

On the other hand, defendants offer little in the way of a substantive response, relying only on Sumnicht's conclusory averment that Garner "is receiving the proper treatment" for lactose intolerance, including "a sufficient diet." They offer no explanation of what treatment Garner is receiving or why a regular diet that includes dairy is sufficient given Garner's reports of continuing pain, weight loss and Vitamin D deficiency.

Accordingly, before deciding whether a hearing is warranted, I am giving both sides an opportunity to supplement their filings with additional evidence to answer the above questions.

ORDER

IT IS ORDERED that plaintiff Oscar Garner has until August 28, 2012 to supplement his proposed findings of fact in accordance with this order. Defendants will have until September 7, 2012 to respond with additional evidence and facts.

Entered this 14th day of August, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge