IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OSCAR GARNER,

                        Plaintiff,                        ORDER

     v.

                                                              11-cv-829-slc

PAUL SUMNICHT, BELINDA SCHRUBBE,
CYNTHIA THORPE, MARY GORSKE and
DR. BURTON COX, JR.,

                        Defendants.

---

On June 19, 2015, *pro se* plaintiff Oscar Garner, who was then represented by counsel,[1] and defendants Paul Sumnicht, Belinda Schrubbe, Cynthia Thorpe, Mary Gorske and Burton Cox filed a stipulation for dismissal of the lawsuit with prejudice. Dkt 114. The parties informed the court that they had reached a settlement agreement with respect to Garner's claims that defendants had violated the Eighth Amendment and state medical negligence law by failing to provide him with adequate medical treatment and a special diet for his lactose intolerance and irritable bowel syndrome at Waupun Correctional Institution. Dkt. 112. The case was dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1) without further order of the court. *See* CM/ECF entry dated June 19, 2015. Now, in a letter dated May 25, 2016 and filed on May 31, 2016, Garner asks whether it is possible to enforce the settlement agreement in this court or whether he must file an action in state court in the event defendants violate the agreement. Dkt. 116. In order to facilitate resolution of this matter, I will construe Garner's letter as a motion to reopen his case and enforce the settlement agreement.

---

[1] Following a remand from the Court of Appeals for the Seventh Circuit, Attorney Donald Schott agreed to represent plaintiff in this case *pro bono*. Dkt. 93. Attorney Schott's commitment terminated with the stipulated dismissal, so Garner now is proceeding *pro se.*

A settlement agreement is a contract, the construction and enforcement of which is governed by state law. *Laserage Tech. Corp. v. Laserage Labs., Inc.*, 972 F.2d 799, 802 (7th Cir. 1992). To enforce the settlement of a federal claim, a district court must have retained jurisdiction to enforce the agreement or have an independent basis for federal subject matter jurisdiction with respect to disputes regarding the agreement. *Bond v. Utreras*, 585 F.3d 1061, 1079 (7th Cir. 2009) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)); *In re VMS Sec. Litig.*, 103 F.3d 1317, 1321 (7th Cir. 1996) (quoting *McCall–Bey v. Franzen*, 777 F.2d 1178, 1188 (7th Cir. 1985)); *Morisch v. United States*, 709 F. Supp. 2d 672, 675-76 (S.D. Ill. 2010).

Here, there is nothing in the record or the stipulation for dismissal indicating that the court retained jurisdiction to enforce the settlement between Garner and defendants. The case was dismissed with prejudice, and the Court of Appeals for the Seventh Circuit has made clear on a number of occasions that once an action has been dismissed with prejudice, a district court's subject matter jurisdiction with respect to the dispute giving rise to a settlement agreement is terminated. *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006) ("[A] district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice."); *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005) ("[A] case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated."); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) (retaining jurisdiction to enforce a settlement agreement means that "the suit has not been dismissed with prejudice[.]") (emphasis omitted); *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) ("[O]nce a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind that dismissal.").

Finally, because Garner and defendants are all citizens of Wisconsin, any breach of contract dispute between them regarding the settlement agreement would not fall within the court's diversity jurisdiction. 28 U.S.C. § 1332(a) (diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff). Therefore, Garner's only recourse is to bring a breach of contract claim in state court. *Bond*, 585 F.3d at 1079.

Accordingly, it is ORDERED that Garner's request for court intervention in this matter is DENIED.

Entered this 7th day of June, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge